material to our review, they could not be resorted to for that or any other purpose. The remark of the court in *Roy v. Galloway*, 54 Ill. App. 610: "Suppose these pins get loose, or it should be charged that the exhibits have been changed, how could we determine what is in the record?" is equally applicable here. These loose documents should have been copied into the bill of exceptions.

For the errors indicated, the judgment of the Municipal Court is reversed and the cause is remanded for a new trial in accord with this decision.

*Reversed and remanded.*

Joseph Ptaszek Fogel, Appellee, v. David H. Fritts, Appellant.

Gen. No. 21,934. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. FRANK R. SHOPIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916.

### Statement of the Case.

Action on the case for assault and battery by Joseph Ptaszek Fogel, plaintiff, against David H. Fritts, defendant. On a trial before the court and a jury a verdict was rendered for $2,500, from which $1,200 was remitted upon the hearing of a motion for a new trial and a judgment entered for $1,300, and defendant appeals.

The evidence showed that the relation of master and servant had existed between defendant and plaintiff for ten years. Defendant denied the assault in his pleading and evidence. It appeared that on the day of the assault plaintiff was wheeling molding upon

a truck in the shipping room of defendant near an alley; that defendant called to him that he was breaking the molding and came running towards plaintiff and struck him in the region of the solar plexus and also struck him with a piece of the molding; that as a result of this assault the plaintiff had stomach trouble of a very serious character and was incapacitated for any work for more than three months and thereafter was only able to work infrequently, and was still suffering from his injuries at the time of the trial. The stomach trouble was proven by the evidence of a medical man of standing and probity, who traced the trouble to the assault complained of. He testified that plaintiff's condition is known as paralysis or injury to the sympathetic system, a part of the solar plexus; that he had not been cured and that he was unable to cure him; that an ultimate cure depended upon plaintiff's constitution. This medical testimony defendant did not offer to rebut.

EBEN F. RUNYAN, for appellant.

WAGNER & BECKMAN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 14*—*when evidence sufficient to support the verdict.* In an action on the case for assault and battery, evidence examined and *held* to support the verdict.

2. ASSAULT AND BATTERY, § 22*—*when verdict not excessive.* In an action on the case for assault and battery, where the evidence shows that plaintiff had stomach trouble of indefinite duration as a result of the assault, was incapacitated for work for three months and was, thereafter, able to work infrequently only, a verdict for $1,300 is not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.